# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 18, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| SCOTT ROBERTSON, | * | No. 18-0554V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald Craig Homer*, Conway Homer, P.C., Boston, MA, for Petitioner.
*Voris Edward Johnson*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 17, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2018),[2] alleging that the influenza ("flu") vaccine he received on October 28, 2016, caused him to suffer relapsing optic neuropathy and/or neuritis. (ECF No. 1, p. 1.) Subsequently, the parties' experts agreed that the best diagnosis for petitioner's condition is nonarteritic anterior ischemic optic neuropathy ("NAION"). (Ex. 30, p. 1; Ex. B, p. 3.) On August 13, 2021, petitioner filed his motion for a ruling on the record alleging that the flu vaccine caused-in-fact his NAION. (ECF No. 65, pp. 1 n.2, 27-29.) On November 10, 2022, I issued my decision finding petitioner is not entitled to compensation. (ECF No. 69).

On June 6, 2023, petitioner filed an application for attorneys' fees and costs. (ECF No. 73 ("Fees App.").) Petitioner requests total attorneys' fees and costs in the amount of $76,015.08, representing $41,201.40 in attorneys' fees and $34,813.68 in costs. (Fees App.) Pursuant to

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All references to "§ 300aa" below refer to the relevant section of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

General Order No. 9, petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. (ECF No. 74). Respondent filed a response on June 7, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (ECF No. 75 ("Response"), p. 2.) Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id* at 897.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson ex rel. Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *aff'd per curiam*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

a.  **Hourly Rates**

Petitioner requests the following rates of compensation for the attorneys at Conway Homer P.C.;

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| Ronald Homer | $409 | $421 | $430 | $447 | $447 | $475 | $500 |
| Christina Ciampianello | $307 | $342 | $350 | $380 | $380 | $425 | $470 |
| Meredith Daniels | - | - | $320 | $350 | $350 | $410 | $455 |
| Lara Faga | - | - | $285 | $330 | $330 | - | - |
| Joseph Pepper | - | - | $325 | - | - | - | - |
| Law Clerks | $138 | $142 | $145 | $155 | $155 | $170 | $185 |

(Fees App., Tab A.)  These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable.

b.  **Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Upon review, the overall number of hours billed appears to be reasonable.  Additionally, I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $41,201.40.

c.  **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira ex rel. v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioner requests a total of $34,813.68 in attorneys' costs.  This amount is comprised of acquisition of medical records, the Court's filing fee, postage, and work performed by petitioner's medical experts, Thomas Hedges, III, M.D. and Omid Akbar, Ph.D.  (Fees App., Tab B, pp. 22-23, 25-27.) Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable.[3]  Accordingly, Petitioner is awarded final costs totaling $34,813.68.

---

[3] Petitioner requests $550 per hour for both experts. (Fees App., Tab B, pp. 22-23, 25-27.)   Petitioner acknowledges that this rate is higher than the $500 per hour that these experts have previously been awarded, but asserts the increased rate is reasonable in light of their qualifications and annual inflation. (Fees App., Tab D, pp. 2-3; *see also Boyer v. Sec'y of Health & Human Servs.,* No. 15-1160V, 2017 WL

**II.     Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $76,015.08, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Mr. Ronald C. Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

5246568, at *3 (Fed. Cl. Spec. Mstr. Oct. 16, 2017); *Reinhardt v. Sec'y of Health & Human Servs.,* No. 17-1257V, 2021 WL 2373818, at *4-5 (Fed. Cl. Spec. Mstr., Apr. 22, 2021).) The cases cited by petitioner demonstrate that these experts have been awarded the same rate as far back as 2017 and 2018 respectively.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).